976 F.2d 725
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brenda G. ANDREWS, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; State Farm
Fire and Casualty Company; State Farm General
Insurance Company, Defendants-Appellees.
 No. 91-2236.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 5, 1992
Decided: September 30, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-88-494-R)
 Terry N. Grimes, J. Michael Gray, KING, FULGHUM, SNEAD, NIXON & GRIMES, P.C., Roanoke, Virginia, for Appellant. Paul Stuart Reichler, Kathleen Marie Milton, REICHLER & SOBLE, Washington, D.C., for Appellees.
 James H. Fulghum, Jr., FULGHUM, SNEAD, NIXON & GRIMES, P.C., Roanoke, Virginia, for Appellant.
 W.D.Va.
 AFFIRMED.
 Before WIDENER and HAMILTON, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Brenda G. Andrews appeals from the order of the district court granting State Farm's motion for summary judgment on her claim alleging discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. We find no error and affirm.
 
 
 2
 From 1964 through 1987, Miss Andrews served as a secretary to Harry Bowman, a State Farm career agent in Roanoke, Virginia. During her tenure she became licensed by the State of Virginia to sell automobile, property, casualty, life, and health insurance. In late 1985, she learned that Bowman was retiring in the near future. She told State Farm's area manager that she wanted to be considered for Bowman's position. She states she was advised that she could take the "Career Profile," a written test required of all applicants, but that a four year degree was required to be appointed as a State Farm agent. In fact, State Farm did not have a four year degree requirement. Miss Andrews did not have a four year degree. She did not take the Career Profile. William Keller was selected to fill Bowman's position. Andrews filed suit against State Farm alleging discrimination in violation of Title VII.
 
 
 3
 The district court ruled that Miss Andrews failed to make out a prima facie case of discrimination because her refusal to take the Career Profile, required of all agent applicants, was not predominantly based on her being told of a four year degree requirement. As the district court found,
 
 
 4
 [Miss Andrews] did not take the Career Profile because she did not believe she should have been required to take the test. Plaintiff believes she had enough knowledge and experience as secretary to a State Farm agent for twenty years, that the Company was being unfair in asking her to take the test.... Further, plaintiff also testified that she did not want to be a trainee, but only wanted Mr. Bowman's agency. Significantly, plaintiff has not argued that any State Farm agents have been appointed to their positions without first taking the Career Profile examination and completing some form of training.
 
 
 5
 In arguing against summary judgment, she sought to establish that she only refused to take the Career Profile because she had been told of the four year degree requirement. However, the district court rejected this contention and held that
 
 
 6
 her deposition testimony in no manner indicates that this was the predominant reason for her failure to take the test. Instead, plaintiff asserts throughout her deposition that she did not want to take the Career Profile because she felt she was qualified just through having been an agent's secretary for twenty years. She believed State Farm had no right to demand more from her. It was the very fact that State Farm required the test which plaintiff found unfair.
 
 
 7
 The district court correctly held that Andrews failed to meet the McDonnell Douglas requirements for establishing a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). She refused to take the Career Profile required of all applicants. Her refusal was not predominantly based on her being told of a four year degree requirement. She did not think she should have to serve as a trainee, a requirement which was uniformly applied. Therefore, she is unable to establish that she applied for and was qualified for the position.
 
 
 8
 For the reasons stated by the district court, its judgment is accordingly
 
 
 9
 AFFIRMED.